UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REDROCK LASER CLINIC, L.L.C.,

      Plaintiff,

v.                                                Case No.  8:06-CV-01628-SCB-TGW

DIANE D'ANCA,
ABOUT FACE AESTHETIC CENTER, INC.,
JACK JAWITZ, M.D.,

      Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiff Redrock Laser Clinic, L.L.C.'s ("Plaintiff") Motion for Remand and Motion for Fees, filed on September 25, 2006.  (Doc. No. 5.)  On July 6, 2006, Plaintiff filed a complaint against Defendants Diane D'Anca, About Face Aesthetic Center, Inc., and Jack Jawitz, M.D. ("Defendants") in a state court in Mesa County, Colorado, alleging various causes of action arising out of a contract between the parties.  (Doc. No. 2.)  On September 5, 2006, Defendants filed a Notice of Removal to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1441.  (Doc. No. 1.)  Defendants asserted that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and because the amount in controversy exceeds $75,000.

      **I.**      **Motion for Remand**

For several reasons, this case is due to be remanded to the state district court in Colorado where it was originally filed.  First, Defendants removal to this Court was procedurally defective because it was untimely.  Pursuant to 28 U.S.C. § 1446(b), a defendant seeking to remove any

civil action from state to federal court must file its notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Defendant D'Anca was served on July 15, Defendant About Face Aesthetic Center, Inc. was served on July 24, and Defendant Jawitz was served on August 3, 2006. Defendants did not file their notice of removal until September 5, 2006, more than 30 days after the last Defendant was served.

Second, venue is improper. Pursuant to 28 U.S.C. § 1441(a), a defendant may only remove a case from state court "to the district court of the United States for the district and division embracing the place where such action is pending." The "place" is "the site of the state court in which the action is pending at the time the notice of removal is filed." *Cogdell v. Wyeth*, 366 F.3d 1245, 1248 n.7 (11th Cir. 2004). At the time Defendants filed their notice of removal, this case was pending in state court in Colorado. Therefore, the proper federal venue for this case is a federal district court in Colorado. *See Hollis v. Florida State Univ.*, 259 F.3d 1295, 1299 (11th Cir. 2001).

Finally, this Court lacks diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where the suit is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "On a motion to remand, the removing party bears the burden of establishing jurisdiction." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). The removing party must make "an affirmative showing . . . of all requisite factors of diversity jurisdiction, including amounts in controversy, at the time removal is attempted." *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961).

In their notice of removal, Defendants represent that Plaintiff's complaint "reveals [that]

the plaintiff is seeking $100,000." However, nowhere in the complaint does Plaintiff make such an allegation. To the contrary, Plaintiff alleges in its complaint that the consideration to be paid for the contract at issue was valued at $14,092. Moreover, Plaintiff filed an affidavit by its owner stating that its total damages and losses amounted to $25,792.87. Plaintiff represents that this affidavit was filed with the state court before Defendants filed their notice of removal. Accordingly, because Defendants failed to show that the amount in controversy exceeds $75,000, they did not sustain their "burden of establishing jurisdiction." *Diaz*, 85 F.3d at 1505.

## II.     Motion for Fees

In connection with its Motion to Remand, Plaintiff has filed a Motion for Fees, arguing that Defendants' Notice of Removal was frivolous, without basis, and filed in an attempt to delay and increase costs. Plaintiff seeks to be reimbursed for the unnecessary expenses and attorneys' fees it has expended in filing its Motion to Remand. If the federal court lacks subject matter jurisdiction, the case must be remanded, and "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. __, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005). This reasonableness standard balances "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at __, 126 S. Ct. at 711; *see also*, *Bauknight v.*

3

*Monroe County*, 446 F.3d 1327, 1332 (11th Cir. 2006)

Here, Defendants lacked an objectively reasonable basis for seeking removal. In order to satisfy the amount-in-controversy requirement, Defendants misrepresented the allegations in Plaintiff's complaint to the Court, stating that "plaintiff is seeking $100,000," when no such allegation was made. Defendants made this misrepresentation knowing that the consideration for the contract at issue was valued at $14,092. Furthermore, Defendants' untimely filing of their notice of removal prolonged litigation of this case and resulted in unnecessary costs and fees. Accordingly, the Court hereby grants Plaintiff an award of fees and costs incurred in filing its Motion to Remand.

Accordingly, it is ORDERED AND ADJUDGED that the Plaintiffs' Motion to Remand and Motion for Fees (Doc. No. 5) are GRANTED.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of September, 2006.

*[signature: Susan C. Bucklew]*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record